Dallas v. East St. Louis & Suburban Ry. Co., 203 Ill. App. 129.

compelled to pay out money to perfect his title, *held* that such payments by him were sufficient consideration for a release of a mortgage given by him to secure part of the purchase money for said land.

3. MORTGAGES, § 270*—*what is effect of release on right of foreclosure.* Where a purchaser of land under a warranty deed gave a mortgage for part of the purchase money and was forced thereafter to pay out money to the extent of such mortgage in perfecting his title to the land, and obtained from the mortgagee a valid release of such mortgage, *held* such mortgagee. was not warranted in obtaining a foreclosure and sale to satisfy such mortgage.

4. APPEAL AND ERROR, § 913*—*what is effect of certificate of reporter that record contains all the evidence.* The certificate of a court reporter that the record contains all the evidence in the case is not sufficient to make the testimony of witnesses a part of the record, but when same is followed by a regular certificate and signature of the judge, the fact of such reporter's certificate does not destroy the validity of the judge's certificate.

---

**Iva Dallas, Appellee, v. East St. Louis & Suburban Railway Company, Appellant.**

**(Not to be reported in full.)**

Appeal from the Circuit Court of Madison county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the March term, 1916. Reversed and remanded. Opinion filed November 13, 1916. Rehearing denied January 13, 1917.

## Statement of the Case.

Action by Iva Dallas, plaintiff, against East St. Louis & Suburban Railway Company, defendant, to recover for personal injuries received by falling off one of defendant's cars. From a judgment for plaintiff for $8,000, defendant appeals. For the case on a former appeal, see 188 Ill. App. 420.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

WILLIAMSON, BURROUGHS & RYDER, for appellant.

GEERS & GEERS, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

### Abstract of the Decision.

CARRIERS, § 476*—*when evidence is insufficient to sustain recovery for injuries resulting from sudden jerk of car.* In an action against a street car company for damages for injuries sustained by plaintiff in leaving its car, where the plaintiff stood practically alone in her testimony that the car after slowing down started up suddenly and gave a jerk which threw her off, and the evidence for the defendant greatly preponderated in showing that the car did not stop with a sudden jerk and that plaintiff did not stop in the vestibule of the car but walked straight out and attempted to get off while the car was in motion, *held* that a verdict for the plaintiff was manifestly against the weight of the evidence.

---

### Denison-Gholson Dry Goods Company v. Max Inger et al.
### R. E. Hickman, Trustee, Appellant, v. R. F. Martin, Interpleader Claimant, Appellee.

#### (Not to be reported in full.)

Appeal from the Circuit Court of Franklin county; the Hon. J. C. EAGLETON, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 13, 1916.

### Statement of the Case.

Action in attachment by Denison-Gholson Dry Goods Company, plaintiff, against Max Inger and

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.